# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VINCENT STRICKLAND,

        Petitioner,                    Case Number: 07-CV-13733

v.                                    HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Vincent Strickland filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, challenges his conviction for carrying a concealed weapon in a motor vehicle. For the reasons stated, the Court dismisses the habeas petition without prejudice for failure to exhaust state court remedies.

I.

Petitioner states that he pleaded guilty in Wayne County Circuit Court to carrying a concealed weapon in a motor vehicle and was sentenced on June 24, 1986 to nine months to five years imprisonment. Petitioner did not pursue a direct appeal of this convictions in state court or otherwise challenge this conviction in state court. *See* Petition, pp. 1-3. Petitioner states that this conviction is being used to enhance his current sentence.

In his petition, he asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel because the state court did not inform him of those rights at the time of his plea and sentence. *See* Petition, p. 5.

II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of showing exhaustion of state court remedies. He admits that he has not presented his habeas claim to the state courts. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. The state courts should have the first opportunity to address Petitioner's unexhausted claim.

III.

The Court concludes that Petitioner has failed to exhaust state court remedies as to the claim presented in his federal habeas petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

Dated: September 20, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2007, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk