# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VINCENT STRICKLAND,

        Petitioner,               Case Number: 07-CV-13733

v.                                HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR
RECONSIDERATION OR IN THE ALTERNATIVE THE ISSUANCE OF
A CERTIFICATE OF APPEALABILITY" AND "APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES"**

Petitioner Vincent Strickland filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for carrying a concealed weapon in a motor vehicle. On September 20, 2007, the Court dismissed the habeas petition without prejudice for failure to exhaust state court remedies. Now before the Court are Petitioner's "Motion for Reconsideration or in the Alternative the Issuance of a Certificate of Appealability" and "Application to Proceed Without Prepayment of Fees."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court summarily dismissed the petition because Petitioner failed to comply with the exhaustion requirement established in 28 U.S.C. § 2254(b)(1). A Michigan prisoner must

present each ground on which he seeks habeas relief to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner admitted that he had not exhausted his state court remedies, but argued that the exhaustion requirement should be excused because he was advised of his right to appeal and obtain appointed counsel. The Court found that any failure of the state trial court to inform Petitioner of his appellate rights and/or appoint counsel on direct appeal does not excuse Petitioner from exhausting his habeas claim in the state courts before seeking federal habeas review.

In his motion for reconsideration, Petitioner now argues that no available remedy is available to him in state court because the sentence for the challenged conviction has expired and, therefore, may not be the subject of a 6.500 motion. However, Petitioner may be able to attack the felony sentence he is currently serving in state court on the ground that it was enhanced by an invalid, expired conviction. *See, e.g., People v. Gonzales*, 179 Mich. App. 477, 480 (Mich. Ct. App. 1989) (finding that a defendant may collaterally attack a prior conviction obtained when the defendant was not represented by counsel when that conviction is later used to support another charge). Given that the possibility exists for Petitioner to challenge his expired conviction in state court, Petitioner has not shown that the state court process is unavailable. Therefore, the Court denies the motion for reconsideration.

Petitioner also seeks issuance of a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above and in the Court's Order of Summary Dismissal Without Prejudice, the Court concludes that reasonable jurists would not find its conclusion that the claims are unexhausted and that an avenue for exhaustion is available to Petitioner in state court to be debatable or wrong. Therefore, the Court declines to issue a certificate of appealability.

Petitioner also seeks leave to proceed without prepayment of the filing fee on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). The Court finds that a reasonable person would not suppose that the appeal has some merit.

Accordingly, **IT IS ORDERED** that the Petitioner's "Motion for Reconsideration or in the Alternative the Issuance of a Certificate of Appealability" [dkt. # 3] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Application to Proceed Without Prepayment of Fees" [dkt. # 6] is **DENIED**.

Dated: December 3, 2007

                                           S/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 3, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk